IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELPIDIO JUAREZ #120590,

                                                                                             ORDER

                      Petitioner,

                                                                          08-cv-475-bbc

       v.

J. JAEGER, Capt. and
DIANE MOEN, Officer,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a proposed civil action for injunctive and monetary relief, brought under 42 U.S.C. § 1983. Petitioner Elpidio Juarez, who is presently confined at the New Lisbon Correctional Institution in New Lisbon, Wisconsin, asks for leave to proceed under the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915. From the financial affidavit petitioner has given the court, I conclude that petitioner is unable to prepay the full fee for filing this lawsuit. Petitioner has paid an initial partial payment of $6.67 as required under § 1915(b)(1).

       In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972). However, if the litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny

1

leave to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit, or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. I conclude that petitioner fails to state claims upon which relief may be granted regarding his allegations that his due process rights were violated and that he was retaliated against for exercising his First Amendment rights.

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

A.  Parties

Petitioner Elpidio Juarez is a prisoner confined at the New Lisbon Correctional Institution in New Lisbon, Wisconsin. Respondent J. Jaeger is an administrative captain at the institution and respondent Diane Moen is a correctional officer and sergeant.

B.  Petitioner's December 2006 Interaction with Respondent Moen

On December 3, 2006, respondent Moen asked petitioner if they could speak privately about petitioner's cell mate, Frank Burt. During the conversation, Moen told petitioner that Burt had a history of homosexual activity and asked petitioner, "Are you gay?" Petitioner became angry and denied being homosexual. Respondent Moen did not

2

believe petitioner and continued to question him about whether he liked women or "women that are men that think they are females." Petitioner told respondent Moen that he liked women like her. Moen proceeded to tell petitioner that she wanted him to "change [Burt] from being gay." Petitioner said that he could not change Burt. Moen then told petitioner, "you['re] gay and [] you are in denial." Petitioner ended the conversation and left upset.

On December 4, 2006, petitioner was placed in segregation for soliciting staff. On December 6, 2006, Sergeant Karan was appointed as petitioner's advocate regarding the conduct report charging petitioner with soliciting staff. When Karan interviewed petitioner, petitioner explained the conversation he had with Moen. Karan asked petitioner whom he wanted to call as a witness at his hearing and petitioner said he wanted to call Moen.

On December 8, 2006, petitioner had a disciplinary hearing. Respondent Jaeger was the hearing official. During the hearing, Jaeger refused to allow petitioner to ask Moen the following question: "What reference was I making when I told her that I like women like her, females." Petitioner was permitted to ask only two questions during the hearing. Petitioner admitted to telling Moen that he liked her. Jaeger found petitioner guilty of soliciting staff and sentenced petitioner to 90 days of disciplinary separation. On December 12, 2006, petitioner appealed Jaeger's decision to the warden and on December 22, 2006, the deputy warden affirmed the decision.

On December 14, 2006, petitioner filed two inmate complaints regarding his previous

conversation with Moen. On December 18, 2006, petitioner was interviewed by inmate complaint examiner Parise. Parise asked petitioner if his complaints could be consolidated and he agreed. On January 18, 2007, petitioner's consolidated complaint was dismissed with modification because the warden was taking disciplinary measures against Moen regarding her conversation with petitioner on December 3. Petitioner believes that Moen wrote him a "bogus" conduct report to retaliate against him for refusing to comply with her request that he "change Burt."

## DISCUSSION

Petitioner contends that respondent Jaeger violated his due process rights when he limited petitioner's questions to Moen during the disciplinary hearing and that respondent Moen retaliated against him for refusing to change Burt's sexual orientation. I will address each claim in turn.

### A. Due Process

In Sandin v. Conner, 515 U.S. 472, 484 (1995), the Supreme Court held that prisoners are not entitled to *any* process under the Constitution unless the discipline they receive increases their duration of confinement or subjects them to an "atypical and significant" hardship. If the discipline does not fall into one of these categories, a prisoner

4

has no recourse under the due process clause, even if he did not receive a hearing, could not ask witness questions or even if the charge against him was false.

Petitioner's sentence of 90 days in segregation is not an "atypical and significant" hardship. Townsend v. Fuchs, 522 F.3d 765, 770-72 (7th Cir. 2008) (time in segregation does not trigger due process clause unless time is indefinite). Also, having his possibility of parole moved back does not increase his duration of confinement because the possibility of parole is not an interest protected by due process. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979) (citation omitted). Therefore, petitioner's discipline does not fall into either of the Sandin categories and he has failed to state a due process claim.

### B. Retaliation

To state a claim for retaliation, three elements must be pleaded: a specified retaliatory action; an appropriate respondent; and a constitutionally protected activity, the exercise of which caused retaliation. Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005). Petitioner contends that respondent Moen filed a false disciplinary report against him charging petitioner with soliciting staff because petitioner told Moen that it was "not his job" to change inmate Burt's sexual orientation. Petitioner has specified a retaliatory action and named an appropriate respondent. However, petitioner's statement to respondent Moen is

5

not protected speech under the First Amendment.

Under the First Amendment, a prisoner's speech is protected if it relates to a matter of public concern and not simply to the prisoner's own interests. McElroy v. Lopac, 403 F.3d 855, 858 (7th Cir. 2005); Sasnett v. Litscher, 197 F.3d 290, 292 (7th Cir. 1999). Petitioner's statement that it was "not his job to change anyone," including inmate Burt, is not a statement relating to a matter of public concern. See, e.g., Pearson v. Welborn, 471 F.3d 732, 741 (7th Cir. 2006) (prisoner's verbal complaints were matter of public concern because "[the] complaints related to issues affecting all J-pod prisoner and were . . . designed to effect a change in prison policy."). Petitioner's statement relates to a personal matter, that being his unwillingness to do something he did not want to do. Therefore, petitioner has failed to state a claim for retaliation.

## ORDER

IT IS ORDERED that:

1. Petitioner Elpidio Juarez's request for leave to proceed in forma pauperis on his due process and retaliation claims is DENIED and this case is DISMISSED with prejudice for petitioner's failure to state a claim upon which relief may be granted;

2. The unpaid balance of petitioner's filing fee is $343.33; this amount is to be paid in monthly payments according to 28 U.S.C. § 1915(b)(2);

3. A strike will be recorded against petitioner pursuant to § 1915(g); and

4. The clerk of court is directed to close the file.

Entered this 15th day of September, 2008.

                    BY THE COURT:

                    /s/

                _____
                BARBARA B. CRABB
                District Judge